IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Equity Residential Properties a/a/f
Autumn Cove Apartments,

                 Plaintiff,

  v.                              1:06-cv-1012-WSD

Luis Bravo,

                 Defendant.

**ORDER**

This matter is before the Court on Plaintiff Equity Residential Properties a/a/f Autumn Cove Apartments's ("Plaintiff") Emergency Motion to Remand and Memorandum of Law in Support thereof ("Mot. to Remand") [4].

**I. FACTUAL BACKGROUND**

Plaintiff, on February 10, 2006, filed a Summary Dispossessory Proceeding under O.C.G.A. § 44-7-50, in the State Court of DeKalb County, Georgia, against Luis Bravo ("Defendant"), for possession of premises due to Defendant's alleged failure to pay rent according to the terms of his lease. (Notice of Removal with Complaint ("Notice of Removal") [2], Ex. A-1.) Plaintiff dismissed the action without prejudice on February 17, 2006. (Notice of Removal, Ex. A-2.) On March

13, 2006, Plaintiff again filed a Dispossessory Warrant against the defendant in the State Court of DeKalb County, which was served on the defendant on March 23, 2006.  (Notice of Removal, Ex. E.)  On March 29, 2006, an answer to the warrant was filed in the State Court of Dekalb County.[1]  Defendant did not appear at a hearing on April 7, 2006, and the Court granted the writ of possession.  (Notice of Removal, Ex. H; Mot. to Remand, ¶ 3-4.)  On April 14, 2006, the Plaintiff applied for its writ of possession in the State Court of DeKalb County.  (Mot. to Remand, at ¶ 5.)  Defendant filed this Notice of Removal with this Court on April 14, 2006, staying the state trial court from allowing the plaintiff to execute its writ of possession.  (Notice of Removal; Mot. to Remand, at ¶ 5.)  On April 21, 2006, Plaintiff filed its Emergency Motion to Remand, seeking remand to the State Court and attorney's fees of $750.  (Mot. to Remand, at ¶ 6.)

## II.  DISCUSSION

Federal courts are courts of limited jurisdiction, and thus a federal court must take care to ensure that it has jurisdiction for all cases that come before it.  <u>Rembert</u>

---

[1] Plaintiff claims that a non-party to the dispossessory action filed the answer, signing Defendant's name. (Mot. to Remand, at 3.)  Defendant claims that he, with the help of his wife, filed the answer. (Notice of Removal, at ¶ 11.)

v. Apfel, 213 F.3d 1331, 1333-34 (11th Cir. 2000). To that end, a district court must always answer the question of whether it has subject matter jurisdiction to hear a case, even if no party raises the question of jurisdiction by motion. Id.; Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").[2]

"[A]ny action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal generally is

---

[2] The Plaintiff has filed a Motion to Remand in this case. Although Defendant's time to respond to the motion has not expired under the Local Rules, see L.R. 7.1B, N.D. Ga., this Court may decide the issue of jurisdiction at any time because it may make such determinations *sua sponte*. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1245 (11th Cir. 2004) (recognizing that a district court may *sua sponte* decide to remand the case for lack of subject matter jurisdiction).

appropriate in three circumstances:  (1) the parties are diverse and meet the statutory requirements for diversity jurisdiction; (2) the face of the complaint raises a federal question; or (3) the subject matter of a putative state-law claim has been totally subsumed by federal law such that the state-law claims are completely preempted.  Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005).  Where the propriety of removal is in question, the burden of showing removal is proper is on the removing party.  Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).  "[U]ncertainties are resolved in favor of remand."  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Construing Defendant's pleading liberally, it appears that he alleges removal is proper on the basis of federal question jurisdiction.  Specifically, he alleges that "the plaintiffs [sic] attorney and landlord violated the defendant's constitutional civil rights,"  (see Notice of Removal at ¶¶ 13, 16), and that the plaintiff wanted the defendant to vacate the premises "because of race."  (Notice of Removal, at ¶ 17.) The Defendant asks this Court to accept this case pursuant to 28 U.S.C. 1441(a), (b), 1443 and 1446(d), 28 U.S.C. 1331, and 42 U.S.C. 3603-05.  (Id. at ¶ 19.) These allegations are insufficient to demonstrate that the Court has subject matter jurisdiction in this case.

"To determine whether the claim arises under federal law, [courts] examine the 'well pleaded' allegations of the complaint and ignore potential defenses: 'a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States.'" Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)); see also Murphy v. Aventis Pasteur, Inc., 270 F. Supp. 2d 1368, 1373 (N.D. Ga. 2003) ("The court must look to the plaintiff's complaint to determine whether removal was appropriate.").

In this case, it is clear that Plaintiff relies exclusively on state law, and thus the well-pleaded complaint rule is not satisfied. Plaintiff filed its summary dispossessory proceeding pursuant to O.C.G.A. § 44-7-50, a Georgia state law. In addition, Defendant fails to allege grounds for the application of any exception to the well-pleaded complaint rule. See, e.g., Alabama v. Conley, 245 F.3d 1292, 1295-99 (11th Cir. 2001). Because the defendant fails to demonstrate that the

Court has subject matter jurisdiction over this case, the Court is required to remand this action pursuant to 28 U.S.C. § 1447(c).[3]  Accordingly,

**IT IS HEREBY ORDERED** that, pursuant to 28 U.S.C. § 1447(c), the Clerk of Court is **DIRECTED** to **REMAND** this action to the State Court of DeKalb County, Georgia.  Plaintiff's Request for Costs and Expenses, including Attorney's Fees, is **DENIED**.[4]

**SO ORDERED** this 3rd day of May, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[3] The Court expresses no opinion on whether Mr. Bravo can file an independent action in this Court over which there might exist federal jurisdiction.

[4] The defendant in this action is representing himself *pro se*, and, according to his Notice of Removal, has little education and requires assistance in signing documents.  (See Notice of Removal, at ¶ 8.)  Therefore, without further evidence of bad faith on the part of Defendant, this Court finds it unnecessary to assess the defendant costs and expenses, including attorney's fees, related to the improper removal of this action.